UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

       v.                     Case No. 02-cr-77-01-PB

Rosa Michelle Marquez


O R D E R


    Defendant moves to amend the sentence imposed in her criminal case based, _inter alia_, on the United States Sentencing Commission's retroactive amendment of the "crack" cocaine guideline (Amendments 706 and 711), effective March 3, 2008.

    At sentencing, on January 20, 2004, defendant's guideline Total Offense Level (TOL) was properly calculated to be 27, and her Criminal History Category (CHC) to be III, which yielded an imprisonment range of 70 to 87 months. The sentencing judge (Barbadoro, J.) considered the possibility of departing downward under the then mandatory guidelines, but determined that no grounds justifying such a departure were presented.  In 2005 the United

States Supreme Court issued its opinion in Booker [1] in which it held the guidelines scheme to be non-mandatory, therefore, constitutional.  Booker, however, has been held not to have any retroactive effect – it does not reach back and render sentences imposed under the mandatory regime unlawful.  Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005).

The amended crack guideline, however, has, pursuant to statutory authorization, been made retroactive, and defendant does seek a reduction of her sentence under that amendment as well.  Defendant appears eligible for relief under the retroactive amendment in all respects, but is not entitled to an amended sentence to "time served," as she requests.

The original calculation of her Total Offense Level under the guidelines should be retroactively reduced from TOL 27/CHC I (70-87 mos.) to TOL 25/CHC I (57-71 mos.), and the sentence previously imposed (70 mos.), which was at the bottom of the then-applicable range, should likewise be reduced, to the bottom of the retroactively lowered range (i.e., from 70 to 57 mos).

---

[1] United States v. Booker, 543 U.S. 220 (2005).

The amended policy statement issued by the Sentencing Commission relative to reducing sentences to imprisonment under the amended crack guideline, the situation presented here, provides, in pertinent part, as follows:

> In General.  In a case in which a defendant is serving a term of imprisonment, and the guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendants' term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

To determine the appropriate amended sentence under 18 U.S.C. Section 3582(c)(2), "the court shall determine the amended guideline range that would have been applicable to the defendant if

the amendments(s) to the [crack] guidelines... had been in effect at the time the defendant was sentenced," and, "the court shall substitute only the [crack] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline decisions unaffected."  U.S.S.G. Section 1B1.10(b)(1).  Finally, with exceptions not applicable here, the court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined" after retroactively applying the crack amendment. U.S.S.G. Section 1B1.10(b)(2)(A).

To the extent defendant seeks a full re-sentencing on the theory that the retroactive crack guideline amendment opens the door to such a process, which is doubtful, the motion is denied. In this case, a full re-sentencing, even if allowed under an arguably "prospective" application of <u>Booker</u> and the advisory retroactive crack amendment, would make little, if any, practical difference to this defendant – except perhaps to delay her release beyond the time it otherwise might occur.  A full re-sentencing would require some time to prepare, both by the defendant, the

government, and the Probation Office, time that the defendant would no doubt prefer be spent in administratively processing her release. (Re-sentencing before Judge Barbadoro, who imposed the original sentence, would necessarily have to await his return from leave, which would also delay defendant's release, even if a "time served" sentence were imposed by him.)

A "time served" sentence is also not necessary to compensate for time served by defendant beyond the reduction attributable to the crack amendment under any equitable theory, given that defendant has not served more than 57 months. And, defendant's basic premise for a "time served" sentence – that under a full re-sentencing and an advisory guideline scheme, the sentencing judge would likely impose time served, based upon comments made by the judge at the original sentencing to the effect that the guideline mandated range was, in his opinion, too severe for the offense conduct – is fairly accommodated by a 57 month sentence. The sentencing judge noted that "four or five years in prison" would have been appropriate, absent the mandatory guidelines. A reduced sentence of 57 months falls comfortably within that "four to five years" standard.

Finally, as a practical matter, the Probation Office reports, and defendant does not challenge the assertion, that a reduction to 57 months, consistent with the applicable policy statement, will result in a revised projected release date of March 27, 2008, which is three weeks away.

## Conclusion

Defendant's motion is granted in part. An amended judgment shall be entered imposing a sentence of 57 months imprisonment, all other aspects of the sentence originally imposed shall remain unaffected. The scheduling order previously entered is, as requested, vacated.

**SO ORDERED.**

／s／ Steven J. McAuliffe
Steven J. McAuliffe
Chief Judge

March 5, 2008

cc:  Aixa Maldonado-Quinones, AUSA
     Bjorn Lange, Esq.
     U.S. Probation
     U.S. Marshal